UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHNNY HARRIS, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-03222-JES |
| | ) | |
| KWAME RAOUL, et al., | ) | |
|    Defendants. | ) | |

## MERIT REVIEW ORDER

**JAMES E. SHADID, United States District Judge:**

Plaintiff *pro se*, Johnny Harris, who is currently incarcerated at Western Illinois Correctional Center, filed a complaint [1] under 42 U.S.C. § 1983. Plaintiff alleges that Defendants Kwame Raoul, the Attorney General of Illinois, and Rob Jeffries, the acting director of the Illinois Department of Corrections ("IDOC"), have violated his Eighth Amendment rights by refusing to release Plaintiff despite serving his court-imposed 16-year prison sentence and violated his Fourteenth Amendment rights when they refused to accommodate his sex-offender status by locating a suitable residence or "host-site" for him.

Plaintiff's complaint is before the Court for merit review pursuant to 28 U.S.C. §1915A, which requires the Court to "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649

(7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Fundamentally, Plaintiff's complaint challenges the parole condition that he find an approved host site residence before he can serve his mandatory supervised release term. Plainly stated, Plaintiff may not challenge his parole condition or its imposition in a § 1983 suit for damages. *Jackson v. Lemmon*, 738 F. App'x 369, 371 (7th Cir. 2018). "Because parole is a form of custody, a challenge to a parole condition is a challenge to the 'perimeters of [his] confinement' and so must be brought as a collateral attack." *Id*. (quoting *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir.2003). "Attacks on the fact or duration of confinement come under [28 U.S.C.] § 2254." *Williams*, 336 F.3d at 579. Title 28 U.S.C. § 2254 is the federal statute governing writs of habeas corpus for state prisoners. Parole conditions are considered "confinement" and thus must also be challenged through the habeas corpus route, not through a civil rights action for damages. *Id*. Plaintiff's claim may proceed in federal court only as a habeas corpus action, if it can proceed at all.

The court cannot convert Plaintiff's complaint into a habeas corpus action, because doing so may cause Plaintiff unintended adverse consequences. Habeas corpus actions have specific requirements and procedures. For example, an applicant is required to exhaust all available state remedies before he can file a habeas action in a federal court, and prisoners are generally limited to seeking habeas corpus only once. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring a movant to exhaust the remedies available in state court).

Accordingly, the Court dismisses Plaintiff's complaint without prejudice. The Court

states no opinion on the merit of a possible habeas claim, but does note for Plaintiff's benefit that, in this context, the Equal Protection Clause of the U.S. Constitution would only prohibit unequal treatment of Plaintiff based on his sex offender status if that treatment bore no rational relation to a legitimate government interest. *See May v. Sheahan*, 226 F.3d 876, 882 (7th Cir.2000)(equal protection clause "requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest.").

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's complaint [1] without prejudice under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Any amendment to the complaint would be futile for the reasons stated. This case is, therefore, closed. The Clerk of the Court ("Clerk") is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **Accordingly, the Court DENIES as moot Plaintiff's remaining motion regarding recruitment of counsel [3], service of process [4], injunctive relief [5], and status [13].**

3) **Plaintiff must still pay the full docketing fee of $350 even though the Court has dismissed the case. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk, as outlined in the Court's September 20, 2019, order granting Plaintiff's petition to proceed *in forma pauperis*. Therefore, the Court DENIES Plaintiff's motion requesting a modification of the Court instructions regarding the collection of Plaintiff's partial filing fee [14].**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

ENTERED November 27, 2019.

                             s/ James E. Shadid
                        _____
                             JAMES E. SHADID
                     UNITED STATES DISTRICT JUDGE